## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

REFLEX MARKETING, LLC.

Plaintiff,

v.

REFLEXMARKETING.COM

Defendant.

Civil Action No._____

### VERIFIED COMPLAINT

Plaintiff Reflex Marketing, LLC ("Reflex Marketing"), by its undersigned counsel, for its complaint against defendant reflexmarketing.com (the "Domain Name"), alleges:

### NATURE OF THE ACTION

1.     Plaintiff Reflex Marketing brings this cybersquatting action to obtain relief pursuant to the *in rem* provisions of the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d)("ACPA").

### PARTIES

2.     Plaintiff Reflex Marketing is a Pennsylvania limited liability company having a principal place of business at 1088 Graber Road, Red Hill, Pennsylvania 18076.

1

3.      Defendant reflexmarketing.com is an internet domain name, for which, according to the WHOIS database, the registrant of the Domain Name was identified as being "Mars Nic" having an address at Beijingshi, Beijing, China.  A copy of the WHOIS record for the Domain Name is attached as Exhibit 1.

4.      However, upon information and belief, during a verification process undertaken by the WIPO Arbitration and Mediation Center ("WIPO"), the registrar, DropCatch.com 664 LLC, in response to a request for registrar verification in connection with the Domain Name, transmitted its verification response to WIPO identifying the true registrant (Fei Guo) and purported address/contact information (fujianshengxiamenshiruanjianyuanerqi, fujianshengxiamenshiruanjianyuanerq, xiamen, fujiansheng 123456, China, phone: +86.13291869446, email: domain999@vip.qq.com) in connection with the Domain Name, and WIPO sent an email communication (a copy of which is attached as Exhibit 2) to Plaintiff Reflex Marketing providing the identity and address/contact information of the true registrant of the Domain Name. A copy of the current WHOIS record for the Domain Name, which shows Fei Guo as the true registrant, is attached hereto as Exhibit 3.

REGISTRY AND REGISTRAR
FOR THE DOMAIN NAME

5.      The domain name registry for the Domain Name is VeriSign, Inc., a Delaware corporation having a principal place of business at 12061 Bluemont Way, Reston, Virginia 20190.

2

6.     The registrar for the Domain Name is DropCatch.com 664 LLC, having a principal place of business at 2635 Walnut Street, Denver, Colorado 80205 (phone: 1-303-502-9098; fax: 1-303-893-0507) (by way of whois.namebright.com www.namebright.com).

<u>JURISDICTION AND VENUE</u>

7.     This is a civil action for cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(*d*).

8.     This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

9.     This Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(*d*)(2)(*A*).  *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(*d*)(2)(*A*) because the Domain Name violates Plaintiff Reflex Marketing's rights in its mark REFLEX MARKETING, Plaintiff Reflex Marketing cannot obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(*d*)(1) because said person (Fei Guo, the registrant of the Domani Name) is purportedly located in China, and the Domain Name has its situs in this judicial district pursuant to 15 U.S.C. § 1125(*d*)(2)(*C*) because VeriSign, Inc., the registry for the Domain Name, is located in this judicial district.

10.     Pursuant to 15 U.S.C. § 1125(d)(2)(B), Plaintiff Reflex Marketing will give notice of violations of Plaintiff Reflex Marketing's rights, and Plaintiff Reflex Marketing's intent to proceed *in rem*, to the postal and email addresses set forth in

WHOIS registration record (Exhibit 3) for the Domain Name, to the extent available, and its registrar, or by publication.

11.     Venue is proper in this judicial district pursuant to 15 U.S.C. § 1125(d)(2) because VeriSign, Inc., the registry of the Domain Name, is located in this judicial district.

STATEMENT OF THE FACTS

A.     PLAINTIFF REFLEX MARKETING'S RIGHTS IN THE MARK REFLEX MARKETING

12.     Plaintiff Reflex Marketing has been a mainstay in the musical instrument, pro audio and contractor markets of the New York/New Jersey/Pennsylvania region for over 35 years.

13.     Plaintiff Reflex Marketing owns the mark REFLEX MARKETING in connection with the services of providing independent sales representatives in the field of audio and musical instruments and equipment, that is, in connection with the services of providing independent sales representation on behalf of vendors/manufacturers in the field of musical instruments and audio equipment, and its mark REFLEX MARKETING has been used continuously from 1983 to the present in interstate commerce in connection with such services.

14.     Plaintiff Reflex Marketing's mark REFLEX MARKETING is inherently distinctive as evidenced by the issuance of U.S. Registration No. 5,786,667 for the mark REFLEX MARKETING by the United States Patent and Trademark Office to Plaintiff Reflex Marketing. A copy of U.S. Registration No. 5,786,667 is attached as Exhibit 4.

15.     Plaintiff Reflex Marketing's mark REFLEX MARKETING has been in use in interstate commerce for over 35 years, and continues to be used in interstate commerce, in connection with the services of providing independent sales representatives in the field of audio and musical instruments and equipment.  Such use of Plaintiff Reflex Marketing's mark REFLEX MARKETING occurred for a period of more than 35 years before the registration date of the Domain Name.

16.     Plaintiff Reflex Marketing has made millions of dollars in sales of audio and musical instruments and equipment in connection with its services of providing independent sales representatives in the field of audio and musical instruments and equipment under its mark REFLEX MARKETING.  For example, over the last ten (10) years alone sales of audio and musical instruments and equipment in connection with the services of providing independent sales representatives in the field of audio and musical instruments and equipment under Reflex Marketing's mark REFLEX MARKETING have amounted to about $65 million.

17.     Use of Plaintiff Reflex Marketing's mark REFLEX MARKETING has been valid and continuous for over 35 years before registrant registered the Domain Name, creating extensive goodwill and recognition built up by Plaintiff Reflex Marketing through substantial amounts of time and effort in advertising and promoting and providing its services of providing independent sales representatives in the field of audio and musical instruments and equipment under its mark REFLEX MARKETING.

18.     Plaintiff Reflex Marketing also owns the domain name reflexmarketingllc.com.  The reflexmarketingllc.com domain was registered on July 20, 2006.

19.     Plaintiff Reflex Marketing maintains an active web site at reflexmarketingllc.com.  The web site at reflexmarketingllc.com has been active since at least 2007.

20.     Plaintiff Reflex Marketing since 2007 to the present has continuously used the reflexmarketingllc.com domain name and its mark REFLEX MARKETING on its active web site found at reflexmarketingllc.com in U.S. commerce in association with the advertising and promotion of Plaintiff Reflex Marketing's services of providing independent sales representatives in the field of audio and musical instruments and

21.     The long use, promotion, and advertising of Plaintiff's Reflex Marketing's mark REFLEX MARKETING for the services of providing independent sales representatives in the field of audio and musical instruments and equipment, as well as the millions of dollars in sales of audio and musical instruments and equipment in connection with Plaintiff Reflex Marketing's services of providing independent sales representatives in the field of audio and musical instruments and equipment under Plaintiff Reflex Marketing's mark REFLEX MARKETING, have resulted in Plaintiff Reflex Marketing's mark REFLEX MARKETING, long prior to the registration of the Domain Name by the registrant, being recognized as a strong, distinctive, protectable mark that is associated in the marketplace, and in the trade, with the services of providing independent sales representatives in the field of audio and musical instruments and equipment, emanating from Plaintiff Reflex Marketing.

22.     The widespread recognition of Plaintiff Reflex Marketing's mark REFLEX MARKETING is reflected by the fact that a Google search for "reflex marketing" returns (after a single advertisement) listings for Plaintiff Reflex Marketing as

the first listing and the second listing, as well as three other listings for or about Plaintiff

Reflex Marketing on the first page of the Google search results.  A copy of the Google

search results is attached as Exhibit 5.

23.     Plaintiff's U.S. Registration No. 5,786,667 for its mark REFLEX

MARKETING is *prima facie* evidence of the validity of the mark, of Plaintiff Reflex

Marketing's ownership of the mark, and of Plaintiff Reflex Marketing's exclusive right to

use the mark in U.S. commerce.


> **B.     UNLAWFUL REGISTRATION, USE, AND/OR**
> **TRAFFICKING OF THE DOMAIN NAME**

24.     The Defendant Domain Name is reflexmarketing.com, which is merely

Plaintiff Reflex Marketing's mark REFLEX MARKETING with the .com top-level

domain.

25.     The use of Plaintiff Reflex Marketing's mark REFLEX MARKETING

within the Defendant Domain Name is without authorization from Plaintiff Reflex

Marketing.

26.     Upon information and belief, the registrant (Fei Guo) of the Defendant

Domain Name does not have any trademark or service mark or other intellectual property

rights in the Defendant Domain Name.

27.     Upon information and belief, the Defendant Domain Name does not and

cannot reflect the legal name of the registrant (Fei Guo) of the Domain Name.

28.     Upon information and belief, the registrant (Fei Guo) of the Defendant Domain Name has not engaged in *bona fide* noncommercial or fair use of the REFLEX MARKETING mark in a web site accessible under the Domain Name.

29.     Upon information and belief, the registrant has made no prior use of the Domain Name in connection with the *bona fide* offering of any goods or services or a legitimate noncommercial or fair use thereof.

30.     Upon information and belief, the registrant of the Defendant Domain Name registered the Domain Name with intent to divert traffic from Plaintiff Reflex Marketing's web site located at www.reflexmarketingllc.com to a site accessible under the Defendant Domain Name that could harm the goodwill represented by the Plaintiff Reflex Marketing's mark REFLEX MARKETING for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site accessible under the Defendant Domain Name.

31.     Upon information and belief, Plaintiff Reflex Marketing's representative, Mr. Brett Peters, contacted the registrant (Fei Guo) through the registrant's agent (Mars Nic) to inquire into purchasing the Domain Name at a reasonable price, and in response to this inquiry, the registrant via the registrant's agent, demanded a wholly unreasonable price of U.S.$150,000.00 to purchase the Domain Name, having never made a *bona fide* use of the Domain Name.  A copy of the email chain between Mr. Peters and Mars Nic is attached as Exhibit 6.

32.     The registrar for the Domain Name is DropCatch.com 664 LLC, and the registrar URL is http://www.NameBright.com.  Upon information and belief, under the DropCatch.com Terms and Conditions Agreement, the registrant of the Domain Name

knowingly, voluntarily, and expressly agreed that it is the registrant's sole responsibility to investigate any potential legal issues that may arise from the registrant's backorder, bid, and/or registration of a domain name, including but not limited to, trademark and copyright infringement.  Further, upon information and belief, under the DropCatch.com Terms and Conditions Agreement, all registrants must agree to the NameBright.com Terms and Conditions Agreement (aka the registration agreement), which requires each registrant to represent to the best of his knowledge and belief that neither the registration of a domain name, nor the manner in which it is directly or indirectly used, infringes on the legal rights of any third party.

33.     In accordance with the terms and conditions and representations made by the registrant (Feu Guo) to DropCatch.com 664 LLC and NameBright, upon information and belief, registrant ignored his agreements with and representations to DropCatch.com 664 LLC and NameBright, and turned a "blind eye" to Plaintiff Reflex Marketing's rights in Plaintiff Reflex Marketing's mark REFLEX MARKETING in an attempt to cybersquat for financial gain.

34.     The acts of the registrant, Fei Guo, constitute cybersquatting since the registrant registered Plaintiff Reflex Marketing's mark REFLEX MARKETING as a domain name with the intent to ransom the Domain Name back to the owner of the mark. Such acts constitute a commercial use sufficient to trigger the Lanham Act.

<u>COUNT ONE</u>

VIOLATION OF THE FEDERAL ANTICYBERSQUATTING
<u>CONSUMER PROTECTION ACT</u>

35.     Plaintiff Reflex Marketing repeats and realleges each allegation set forth in paragraph 1 through 34.

36.     Plaintiff Reflex Marketing's mark REFLEX MARKETING is a strong, distinctive, protectable mark and was a strong, distinctive, protectable mark before the time of registration of the Domain Name.

37.     The acts by the registrant of the Domain Name include registration of a domain name that is identical with and is confusingly similar to Plaintiff Reflex Marketing's mark REFLEX MARKETING, with bad faith intent to profit therefrom.

38.     In light of the registrant purportedly being located in China, Plaintiff Reflex Marketing is not able to obtain *in personam* jurisdiction over the registrant who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

39.     The acts by the Domain Name's registrant constitute violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

40.     These acts have caused, and are causing, irreparable harm to Plaintiff Reflex Marketing.  The harm to Plaintiff Reflex Marketing includes harm to the value and goodwill associated with its mark REFLEX MARKETING which cannot be adequately remedied by monetary relief.   Unless permanently restrained and enjoined this irreparable harm will continue.  Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Plaintiff Reflex Marketing is entitled to an order transferring the registration of the Domain Name to Plaintiff Reflex Marketing, the owner of the mark REFLEX MARKETING.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Reflex Marketing respectfully requests of this Court:

A.  That judgement be entered in favor of Plaintiff Reflex Marketing on its claim of cybersquatting;

B.  That the Court order the Domain Name be transferred by the applicable registrar or registry to Plaintiff Reflex Marketing's control;

C.  That any other domain names registered by the registrant of the Domain Name that resemble or include Plaintiff Reflex Marketing's mark REFLEX MARKETING be transferred by the applicable registrar or registry to Plaintiff Reflex Marketing;

D.  That the Court order an award of costs and reasonable attorney's fees incurred by Plaintiff Reflex Marketing in connection with this action pursuant to 15 U.S.C. § 1117(a); and

//

//

//

//

//

//

//

//

//

//

//

E.   That the Court award Plaintiff Reflex Marketing such other and further relief as the Court may deem just and proper.

Dated:  Feb. 26, 2020
_____

Respectfully submitted,

Todd L. Juneau
**Juneau & Mitchell**
1727 King Street, Suite 300
Alexandria, VA  22314
Phone: (703) 548-3569
**E-mail:**  tjuneau@juneaumitchell.com

John F. A. Earley III
(Pro Hac Vice to be submitted)
**Harding, Earley, Follmer & Frailey, P.C.**
86 The Commons at Valley Forge East
1288 Valley Forge Road
Post Office Box 750
Valley Forge, PA 19482-0750
Phone:  610-935-2300, Extension 337
Fax: 610-935-0600
E-mail: jackearley@hardingearley.com

*COUNSEL FOR PLAINTIFF*
*REFLEX MARKETING, LLC.*

## VERIFICATION

    I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 26Th day of February 2020, at Red Hill, Pennsylvania.

_Douglas E Nestler_
Douglas E. Nestler